UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ERIE INSURANCE COMPANY a/s/o DOUGLAS MENDENHALL**<br>**100 ERIE PLACE**<br>**ERIE, PA 16530,**<br>            Plaintiff<br>v.<br><br>**GREE USA, INC.**<br>**20035 E. WALNUT DRIVE N**<br>**CITY OF INDUSTRY, CA 91789,**<br><br>            Defendant | Case No:<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff, Erie Insurance Company a/s/o Douglas Mendenhall, by and through its undersigned counsel, hereby demands judgment against Defendant, and complains against it as follows:

## PARTIES

1. Plaintiff, Erie Insurance Company, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its place of business located at 100 Erie Place, Erie, PA 16530.

2. At all times relevant hereto, Erie was duly authorized to engage in the business of insurance in Ohio.

3. At all times relevant hereto, Erie provided property and other insurance to Douglas Mendenhall, (hereinafter "subrogor"), in connection with property located at 219 Williams Street, Troy, OH 45373 ("subject property"), under a policy of insurance which was in full force and effect on all relevant dates, and at all relevant times.

4. As a result of claims made on said policy and payments made pursuant thereto, Erie became subrogated to the rights and interests of the subrogor for any monies paid thereunder, including the claims giving rise to the within cause of action.

5. At all times relevant hereto, Defendant, Gree USA, Inc., ("Gree"), was, upon information and belief, a corporation organized and existing under the laws of California, having its principal place of business at the above-captioned address.

6. At all times relevant hereto, Defendant, Gree, was in the business of, *inter alia*, designing, manufacturing, assembling, marketing, distributing, and/or selling electrical appliances, including dehumidifiers such as the one at issue in this case ("subject product").

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. § 1332(a)(1), as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court exclusive of interest and costs in excess of $75,000.00.

8. Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within this district.

## FACTS

9. Defendant designed, manufactured, assembled, tested, inspected, marketed, sold, distributed and/or placed into the stream of commerce dehumidifiers, with accompanying component parts; said products being intended for use by consumers for the ordinary purpose associated therewith.

10. Prior to November 29, 2022, Plaintiff's subrogor purchased the subject Gree dehumidifier for use at the subject property.

11. Prior to November 29, 2022, Plaintiff's subrogor operated the subject product without incident and in the normal, ordinary and intended manner.

12. Prior to November 29, 2022, the subject product was not modified, changed altered or abused by Plaintiff's subrogor or others.

13. On or about November 29, 2022, the subject product unexpectedly erupted into flames inside Plaintiff's subrogor's home, causing substantial damage to Plaintiff's subrogor's real and personal property.

14. Upon investigation of the origin and cause of the fire, it was determined that the fire was caused by a wiring harness failure; all other reasonable secondary causes being investigated and ruled out.

15. To the extent these damages were covered under insurance policies that Plaintiff had in full force and effect at the time with the subrogor, claim monies were paid to the subrogor consistent with his policy's terms and conditions; as a result, Plaintiff has become subrogated to certain claims asserted in this action.

## COUNT I – NEGLIGENCE
## PLAINTIFF vs. GREE USA, INC.

16. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

17. Defendant owed a duty of reasonable care to subrogor in regard to the design, manufacture, assembly, marketing, distribution, and/or sale of the product.

18. The damages suffered by subrogor as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful acts or omissions of

Defendant – by and through its respective employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

    a.    failing to exercise reasonable care in the following manner:

        i.    failing to manufacture, assemble, sell, design, transport, distribute, test and/or market a properly functioning product that would not cause a fire when being used as intended;

        ii.    failing to properly inspect and/or test the subject product and/or its component parts to ensure it was safe for use;

        iii.    failing to properly determine and ensure that the subject product was in compliance with applicable industry standards;

        iv.    failing to provide safe and adequate warnings or instructions with the subject product; and /or

        v.    manufacturing, marketing, distributing and/or selling the subject product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which purchased.

    b.    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    c.    failing to adequately warn consumers and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

    d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    e.    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and

    f.    failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards.

19.    The damages at issue are related to losses to real and personal property incurred by the Plaintiff's subrogor as a result of the fire damage caused by the negligence

of the defendant and paid for pursuant to Plaintiff's herein-described policy with the subrogor.

20. To the extent these damages were covered under insurance policies that Plaintiff had in full force and effect at the time with the subrogor, claim monies were paid to the subrogor consistent with his policy's terms and conditions; as a result, Plaintiff has become subrogated to certain claims asserted in this action.

**WHEREFORE**, Plaintiff, Erie Insurance Company, a/s/o Douglas Mendenhall, respectfully requests judgment against Defendant Gree USA, Inc. in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – STRICT LIABILITY
## PLAINTIFF vs. GREE USA, INC.

21. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

22. Defendant is engaged and at all times relevant hereto, was engaged in the business of designing, manufacturing, assembling, marketing, distributing, and/or selling, *inter alia*, dehumidifiers, and specifically the dehumidifier at issue in this case.

23. Defendant designed, manufactured, assembled, marketed, distributed, and/or sold the subject product in a defective condition, unreasonably dangerous to Plaintiff's subrogor and his property.

24. Defendant knew or should have known that the subject product would, and did, reach the consumer who owned the product without substantial change from the condition in which originally distributed and sold.

25. The aforementioned defects consisted of:

    a.    design defects;
    b.    manufacturing defects;
    c.    component defects;
    d.    use-instructions and/or warnings defects; and/or
    e.    a failure to warn of the design, manufacturing, and/or component defects, and/or to properly provide adequate warning and/or safe use instructions.

26. The defective and unreasonably dangerous conditions of the subject product proximately caused a fire to occur at the subject property resulting in damages; thus, Defendant is strictly liable under the common law and statutory products liability laws of Ohio, Section 402A of the Restatement (2d) of Torts; and/or Restatement (3d) of Torts.

27. The damages at issue are related to losses to real and personal property incurred by the Plaintiff's subrogor as a result of the fire damage caused by the negligence of the defendant and paid for pursuant to Plaintiff's herein-described policy with the subrogor.

28. To the extent these damages were covered under insurance policies that Plaintiff had in full force and effect at the time with the subrogor, claim monies were paid to the subrogor consistent with his policy's terms and conditions; as a result, Plaintiff has become subrogated to certain claims as asserted in this action.

**WHEREFORE**, Plaintiff, Erie Insurance Company, a/s/o Douglas Mendenhall, respectfully requests judgment against Defendant Gree USA, Inc. in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

<strong>COUNT III-BREACH OF IMPLIED WARRANTIES<br>PLAINTIFF vs. GREE USA, INC.</strong>

29. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

30. At the time Defendant designed, manufactured, tested, inspected, assembled, marketed, sold, distributed and placed into the stream of commerce the product, Defendant knew of the use for which the subject product was intended, and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

31. Contrary to such implied warranties, the subject product was not of merchantable quality, and was not fit for the purposes for which it was intended.

32. Plaintiff's damages occurred as a direct and proximate result of Defendant's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in Ohio Rev. Code § 1302.28 and § 1302.27.

33. At the subject property, the product functioned improperly in the absence of abnormal use and reasonable secondary causes.

34. As a natural and foreseeable consequence of these breaches, the fire occurred at the subject property, which resulted in Plaintiff's subrogor's damages.

35. By reason of the aforesaid breaches of warranties by Defendant, and pursuant to the aforesaid policy of insurance, Plaintiff paid its insured a sum in an amount in excess of $75,000, which represents the fair and reasonable value of the damaged real and personal property, emergency expenses and additional living expenses.

36. Plaintiff has met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiff, Erie Insurance Company, a/s/o Douglas Mendenhall, respectfully requests judgment against Defendant, Gree USA, Inc. in an amount in excess

of $75,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                                                **de LUCA LEVINE LLC**

BY:    */s/ Matthew Connolly*
**MATTHEW CONNOLLY,**
**ATTORNEYS FOR PLAINTIFF**
301 E. Germantown Pike, 3rd Floor
East Norriton, PA  19401
mconnolly@delucalevine.com
Ph:    215.383.0081
Fx:    215.383.0082

**Dated:** May 30, 2024